≩AO 451  (Rev. 12/93)  Certification of Judgment

# UNITED STATES DISTRICT COURT

__Eastern__ DISTRICT OF __Virginia__

**FILED**
DEC 2 8 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Airlines Reporting Corporation

V.

Ximena Villafuerte d/b/a Villa Travel;
Marco A. Villafuerte d/b/a Villa Travel

CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT

CV-07-80291-MISC. DLJ

Case Number:   1:06cv928

I, _____Fernando Galindo_____ Clerk of the United States District Court certify that the

that the attached judgment is a true and correct copy of the original judgment entered in this action on __9/5/2007__
Date

as it appears in the records of this court, and that

\*  no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal

Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

__12/20/2007__
Date

Fernando Galindo
Clerk of Court

_Kathryn M. Stasko_ (signature)
(By) Deputy Clerk

\*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| AIRLINES REPORTING CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06cv928 |
| | ) | |
| XIMENA VILLAFUERTE d/b/a VILLA TRAVEL | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARCO A. VILLAFUERTE d/b/a VILLA TRAVEL | ) | |
| | ) | |
| Defendants. | ) | |

SEP - 5 2007
CLERK, U.S. DISTRICT C
ALEXANDRIA, VIRGINIA

## MEMORANDUM ORDER

THIS MATTER is before the Court on the January 29, 2007, Report and Recommendation of Magistrate Judge Barry R. Poretz regarding Plaintiff Airlines Reporting Corporation's unopposed Motion for Entry of Default Judgment. This case concerns Magistrate Judge Poretz's recommendation that the Court deny Plaintiff's Motion for Entry of Default Judgment and dismiss this matter for lack of personal jurisdiction. On February 12, 2007, Plaintiff filed Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge, asking this Court to reject Magistrate Judge Poretz's Report and Recommendation and grant the Plaintiff's Motion for Entry of Default Judgment. The issue before the Court is whether the Court has personal jurisdiction over Defendants Ximena Villafuerte and Marco A. Villafuerte based on their repeated business transactions with

Plaintiff in Virginia. The Court grants Plaintiff's Motion for Entry of Default Judgment because the Defendants purposefully established sufficient minimum contacts with Virginia, and exercising personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

## I. BACKGROUND

Plaintiff is a Delaware corporation with its principal place of business in Virginia. Plaintiff serves as a national clearinghouse for issuing traffic documents to accredited travel agents. The accredited travel agents sell the traffic documents as air passenger tickets to customers.

Defendants are adults who reside in California and conduct business as Villa Travel with its principal place of business in California. Defendants applied for accreditation from Plaintiff in Virginia and signed an Agent Reporting Agreement in 1995. The Agreement required Defendants to submit weekly sales reports to Plaintiff in Virginia. These reports listed Defendants' weekly proceeds from selling the traffic documents as air passenger tickets to customers. Complying with the Agreement's terms, Defendants submitted weekly sales reports to Plaintiff in Virginia from July 2, 1995, to June 21, 2005, a period of approximately ten years. The Agreement required Defendants to deposit sales proceeds into a California joint trust account that is maintained by Plaintiff and Defendants. Plaintiff would withdraw sales proceeds, less the Defendants' commissions, from

the California joint trust account and place the proceeds in a California area bank account maintained by Plaintiff. The Agreement also included a provision that required Defendants to arbitrate disagreements in Virginia. Additionally, Defendants corresponded with Plaintiff in Virginia regarding maintaining a required bond or letter of credit with Plaintiff as beneficiary, opening a new Villa Travel branch in California, and using Plaintiff's electronic filing system.

Plaintiff alleged that Defendants failed to make adequate funds available in the California joint trust account. Plaintiff demanded that Defendants pay $220,945.76, and Defendants did not comply. Plaintiff filed a Complaint for this matter on August 10, 2006, and filed the Certificates of Compliance of Service of Process on Defendants on September 5, 2006. Plaintiff's Complaint included allegations against Defendants, jointly and severally, for breach of contract, breach of fiduciary duty, and conversion. Defendants did not file an answer or responsive pleading to Plaintiff's Complaint.

At the December 8, 2006, ex parte damages hearing, Magistrate Judge Poretz inquired about personal jurisdiction because the copy of the Complaint filed with the Court omitted page four, which discussed jurisdiction. After reviewing the previously omitted page, Magistrate Judge Poretz found that the Complaint did not resolve his personal jurisdiction inquiries and directed Plaintiff to file a Supplemental Memorandum in Support

of Plaintiff's Motion for Default Judgment. Plaintiff filed the Supplemental Memorandum on January 16, 2007. In his January 29, 2007, Report and Recommendation, Magistrate Judge Poretz recommended that the Court deny Plaintiff's Motion for Entry of Default Judgment and dismiss this matter for lack of personal jurisdiction because Plaintiff failed to establish in the Complaint that Defendants had sufficient minimum contacts with Virginia. Even though Defendants entered into a contract with Plaintiff in Virginia, Magistrate Judge Poretz found that contract formation and performance, as well as the injuries arising from the contract, occurred in California. Magistrate Judge Poretz also found that Plaintiff failed to allege that Defendants transacted business in Virginia.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 72(b) provides that a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. FED. R. CIV. P. 72(b). A party must serve any objections to the magistrate judge's recommendation within ten days of being served with a copy of the order. *Id.* The district judge to whom a case is assigned shall make a *de novo* determination of those portions of the magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636 (2000). The Court may accept, reject, or modify, in whole or in

part, the magistrate judge's findings or recommendations. *Id.* The Court may also receive further evidence on the matter. *Id.*

## B. Analysis

The Court grants Plaintiff's Motion for Entry of Default Judgment because the Defendants purposefully established sufficient minimum contacts with Virginia, and exercising personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice. To evaluate the propriety of exercising personal jurisdiction over a nonresident defendant through a state long-arm statute, the Court must first determine whether the long-arm statute authorizes exercising jurisdiction in the present case. *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993). If the long-arm statute authorizes exercising jurisdiction, then the Court must decide whether exercising personal jurisdiction is consistent with due process. *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990). Because Virginia's long-arm statute extends personal jurisdiction to the limits allowed by due process, the statutory and constitutional inquiries merge into one inquiry. *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002) (citing *English & Smith*, 901 F.2d 36, 38 (4th Cir. 1990) and *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135-36 (4th Cir. 1996)); see Va. Code Ann. § 8.01-328.1); *see also Mitrano v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004) (conducting a one-

step inquiry because Virginia's long-arm statute extends personal jurisdiction to the limits allowed by due process).

In this case, the issue is whether the Defendants had sufficient "minimum contacts with [Virginia] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "The relevant question is not where the contacts predominate, but only whether enough minimum contacts exist that the district court's assumption of specific jurisdiction satisfied due process." *English & Smith*, 901 F.2d 36, 39 (4th Cir. 1990); *see Prod. Group Int'l, Inc. v. Goldman*, 337 F.Supp 2d 788, 796, 798 (E.D. Va. 2004) (holding that personal jurisdiction did not violate due process where the greater part of defendant's involvement with plaintiff took place in a forum other than Virginia during the six-year business relationship).

In *English & Smith*, the court held that the district court's exercise of personal jurisdiction did not offend due process where Metzger, a California citizen, contracted with Smith, a Virginia citizen, by signing an agreement, which was mailed between the parties. 901 F.2d 36, 37 (4th Cir. 1990). During the one-year contract, each party performed the contract-related work in his respective state and the parties exchanged several telephone calls and letters between Virginia and California. *Id.*

6

The court found that Metzger purposefully directed his activities toward Virginia by initiating contact, entering into contracts, and carrying on a continuing relationship with Smith in Virginia. *Id.* at 39-40. The court concluded that Metzger's intentional contacts with Virginia were enough for him to reasonably anticipate being haled into court in Virginia. *Id.* at 40 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Similarly, in this case, Defendants purposefully directed their activities toward Virginia by applying for accreditation with Plaintiff. Like Metzger, the Defendants contracted with Plaintiff in Virginia by signing and mailing the Agent Reporting Agreement to Plaintiff in Virginia. The Defendants and Plaintiff also corresponded on several occasions. However, in this case, the Defendants and Plaintiff had a significantly more continuous relationship than Metzger's and Smith's one-year relationship. For ten years, Plaintiffs in Virginia provided the Defendants in California with air traffic documents, in exchange for Defendants' weekly sales reports and proceeds deposits. The Defendants' intentional contacts with Plaintiff in Virginia are enough for the Defendants to reasonably foresee being haled into court in Virginia. Thus, notions of due process are not offended by the Court's exercise of personal jurisdiction over Defendants.

### III. CONCLUSION

The Court grants Plaintiff's Motion for Entry of Default Judgment because the Defendants purposefully established sufficient minimum contacts with Virginia, and exercising personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Entry of Default Judgment is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this  5  day of September, 2007.

                                                Gerald Bruce Lee
                                                United States District Judge

Alexandria, Virginia
09/05/07

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



Date: September 5, 2007

Present: HONORABLE Gerald Bruce Lee, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Airlines Reporting Corporation ) | CV-07-80291-MISC.   DLJ |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06cv928 |
| ) | |
| Ximena Villafuerte d/b/a Villa Travel; ) | |
| ) | |
| Marco A. Villafuerte d/b/a Villa Travel ) | |
| ) | |
| Defendants, ) | |

*************************************************************************

ORDERED that Plaintiff's Motion for Entry of Default Judgment is GRANTED.

UNITED STATES OF AMERICA
EASTERN DISTRICT OF VIRGINIA

I, Fernando Galindo, Clerk of the United States District Court for the Eastern District of Virginia, do hereby certify that the foregoing is a true extract of the Order entered in the case of Airlines Reporting Corporation v. Ximena Villafuerte, et al. Civil Action No. 1:06cv928 as will more fully appear from the records of the said Clerk's Office.

IN THE TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the said District Court at Alexandria, Virginia this 20th day of December, A.D., 2007.

FERNANDO GALINDO, CLERK

By: *Kathryn M. Starko*
Deputy Clerk